Rockingham County Probate Court
No. 2009-210

IN RE GUARDIANSHIP OF PETER R.

Submitted: December 3, 2009
Opinion Issued: December 31, 2009

Edward W. R., by memorandum of law, *pro se.*

*Law Office of Rebecca McBeath,* of Portsmouth (*Rebecca S. McBeath* on the brief), for the respondent.

### MEMORANDUM OPINION

HICKS, J. The respondent, Peter R., appeals an order of the Rockingham County Probate Court (*Hurd,* J.) appointing a guardian over his person. He argues that the petitioner, his father, failed to prove beyond a reasonable doubt that he is incapacitated, that a guardianship is necessary, that there are no available alternatives, and that a guardianship is the least restrictive form of intervention. *See* RSA 464-A:9, III (2004). We affirm.

The record establishes the following facts. On December 22, 2008, the petitioner filed a petition for guardianship because the respondent refused medication for his psychotic disorder. *See* RSA 464-A:4 (2004). At trial, only the petitioner and the respondent testified. The petitioner offered no expert medical evidence in support of his petition. The court found the respondent to be incapacitated and that a guardianship was necessary.

The respondent first argues that the evidence was insufficient to support the probate court's findings of incapacity and need for a guardianship. The findings of fact of the probate court are final unless they are so plainly erroneous that they could not be reasonably made. *In re Guardianship of E.L.,* 154 N.H. 292, 296 (2006); RSA 567-A:4 (2007). Because the respondent challenges the sufficiency of the evidence, our task is to review the record to determine whether it supports the probate court's finding that the petitioner proved the statutory components required for guardianship beyond a reasonable doubt. *See In re Guardianship of G.S.,* 157 N.H. 470, 473-74 (2008).

The respondent argues that the evidence submitted at the guardianship hearing was insufficient to establish his incapacity because the petitioner failed to introduce expert medical evidence. Incapacity is a legal, not a medical, disability. *See* RSA 464-A:2, XI (2004). It refers to any person who has suffered, is suffering, or is likely to suffer substantial harm due to an inability to provide for his personal needs for food, clothing, shelter, health care or safety. *See id.; In re Guardianship of G.S.,* 157 N.H. at 473. There is a legal presumption of capacity, and the petitioner bears the burden of proving incapacity beyond a reasonable doubt by competent evidence. *See* RSA 464-A:8, IV (2004). The petitioner testified that the

respondent refused to take medication recommended by his psychiatrist to treat a psychiatric disorder. He further testified that the respondent had lost a lot of weight, was unable to continue in his graduate school program, and was having behavioral problems, culminating in his involuntary emergency admission to the New Hampshire Hospital. He also introduced a January 14, 2009 notice of the decision of the Merrimack County Probate Court in which the court found that the respondent suffers from a psychotic disorder and ordered him to be admitted to the hospital for a period not to exceed one year with a conditional discharge as soon as appropriate. *See* RSA 135-C:34, :50 (2005). Such evidence supports the conclusion, beyond a reasonable doubt, that the respondent is likely to suffer substantial harm due to his inability to provide for his health care. *See* RSA 464-A:2, XI. Accordingly, we conclude that the record supports the probate court's finding of incapacity.

■ The respondent next argues that since his hospitalization, he has received adequate nutrition, has not committed any acts of violence, and has cooperated with medical professionals. Therefore, he argues, the record does not establish the need for a guardianship. Although the evidence shows that the respondent's condition has improved as a result of his hospitalization, the record is sufficient to support the conclusion that the respondent will likely discontinue his medication, resulting in harm to himself and possibly others, if a guardian is not appointed. *See In re Guardianship of E.L.*, 154 N.H. at 299 ("E.L.'s limited understanding of his mental illness, as well as his failure to appreciate and consider the risks of interrupting a medication regime that has effectively treated it, supports the finding that his ability to exercise sound judgment about his medical treatment remains meaningfully impaired").

■ Finally, the respondent argues that the petitioner failed to prove that no available alternative resources exist, and that a guardianship is the least restrictive form of intervention. *See In re Guardianship of G.S.*, 157 N.H. at 476. We have held that when an individual has shown limited insight into his mental illness and has impaired judgment regarding his need for medication, the individual is not an appropriate candidate for a springing guardianship or a health care power of attorney. *See id.*; *see also In re Guardianship of E.L.*, 154 N.H. at 303. Upon this record, we conclude that it was not unreasonable for the probate court to have found beyond a reasonable doubt that no less restrictive alternative than a guardianship exists.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and CONBOY, JJ., concurred.